■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE DELGADO, Appellant. [595 NYS2d 467] —Appeal from a judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered January 22, 1991, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06), and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from two to four years, is held in abeyance, the summary denial of defendant's motion to suppress physical evidence is vacated, and the matter is remanded for a hearing on said motion.

By Indictment No. 4771/90, defendant was charged with acting in concert with Lydia Rivera to commit the crime of criminal possession of a controlled substance in the third degree. The charge against defendant arose from the execution of a search warrant by police officers on November 3, 1988, at 419-421 East 157th Street, Apartment 23, Bronx, New York. Upon entering the apartment, the officers found defendant and co-defendant in a rear bedroom, next to a night table on which the police found nine brown paper bags containing 173 vials of crack cocaine.

Following the summary denial of defendant's motion to suppress the physical evidence, the matter proceeded to trial and, in mid-trial, defendant entered a plea of guilty.

In summarily denying defendant's motion to suppress, the

trial court ruled that he had failed to assert sufficient facts to establish his standing to challenge the search. Our examination of this record leads us to conclude otherwise. The defense papers in support of the motion to suppress alleged that the apartment was co-defendant's, and that defendant was there as her guest. Contrary to the court's ruling that defendant was required to reside in the apartment in order to assert standing, the law requires solely that a defendant demonstrate a reasonable expectation of privacy in the area searched *(see, People v Rodriguez,* 69 NY2d 159; *Minnesota v Olson,* 495 US 91). In this context, it should be noted that the prosecution's answering papers did not argue that defendant's factual showing was insufficient to establish his standing to challenge the search.

For these reasons, the order summarily denying defendant's motion to suppress physical evidence was improper, and it is accordingly vacated, the appeal is held in abeyance, and the matter is remanded for a suppression hearing. Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.